UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CALVIN XAVIER JOHNSON | CIVIL ACTION NO. 24-1660 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSHUNNA JONES, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Joshunna Jones ("Jones") and the City of Shreveport (the "City") (collectively "Defendants"). See Record Document 6. Defendants seek dismissal with prejudice of Plaintiff Calvin Xavier Johnson's ("Johnson") claims. Johnson opposes the motion. See Record Document 9. Defendants did not reply to Johnson's opposition. See Record Document 13 at 2. For the reasons assigned herein, Defendants' motion (Record Document 6) is **DENIED**.

## BACKGROUND

This dispute involves the arrest and prosecution of Johnson for alleged first degree rape of his three-year-old daughter. Jones is a detective with the Shreveport Police Department. See Record Document 1 at ¶ 3. On June 29, 2023, Jones was present for a forensic interview of Johnson's child and subsequently sought a warrant for Johnson's arrest. See id. at ¶¶ 14-16. According to the Complaint, the affidavit underlying the arrest warrant contained a number of material misstatements and omissions as to the child's medical examinations and various aspects of the forensic interviews.

The affidavit omitted that two medical examinations of Johnson's child found no evidence of abuse. See id. at ¶ 10. The affidavit included allegations that Johnson's daughter told medical providers that Johnson touched her, when Johnson's daughter in

fact "made no [such] statement to medical providers." Id. at ¶ 10. The doctor's report stated that "no spontaneous disclosure was uttered" during the examination," various indicators of abuse were not present, the "examination was normal[,] and [there were] no signs of injury." Id. at ¶ 11. The affidavit also included allegations that during the forensic interview, the child said "daddy hurts my couchie." See id. at ¶ 16. It was later found, and Jones admitted, that the child actually said "daddy *not* hurt my couchie." See id. at ¶ 17 (emphasis added).

On July 18, 2023, Johnson was arrested pursuant to a warrant and charged with first degree rape. See id. at ¶ 6. Johnson remained in custody from July 18, 2023, until August 14, 2024. Id. at ¶ 13. On August 14, 2024, the charge against Johnson was dismissed. See id. at ¶ 22.

Johnson filed suit on December 4, 2024, against Jones and the City of Shreveport in the United States District Court for the Western District of Louisiana. See Record Document 1. Defendants moved to dismiss the action, interpreting Johnson's Complaint to raise only state and federal law claims of false arrest, and arguing that such claims are prescribed. See Record Document 6. Johnson opposed the motion, arguing that the Complaint did not raise claims of false arrest, but did raise claims of federal and state malicious prosecution. See Record Document 9. Defendants did not reply to Johnson's opposition. See Record Document 13 at 2.

**LAW & ANALYSIS**

I. **Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

      Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. In deciding on a Rule 12(b)(6) motion to dismiss, courts generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). However, courts may consider a document that is attached to a motion to dismiss, referred to in the pleadings, and central to the party's claim. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

II.      Analysis

    A.  False Arrest

Defendants' motion interprets Johnson's Complaint as brining only state and federal law claims for false arrest. See Record Document 6 at 2 (quoting Record Document 1 at ¶ 5). Defendants argue that Johnson's false arrest claim is prescribed because under Louisiana law, prescription began to run the day Johnson was arrested pursuant to an arrest warrant—July 18, 2023. See id. at 3-4. They argue that because Johnson did not file his action within one year of that date, his claim is prescribed. See id. In his opposition, Johnson asserts that he did not intend to bring a claim for false arrest and concedes that any such claim is prescribed. See, e.g., Record Document 9 at 6 ("[D]efendants seek[] to have this Court rule on prescription for a claim that is not before the Court – that of false arrest.").[1]

In other words, Johnson concedes that the Complaint does not state a claim for state or federal law false arrest because any such claim would be prescribed. "A claim that has not been pled cannot be dismissed." Uniloc USA, Inc. v. Samsung Elecs. Am., Inc., No. 16-CV-0638, 2017 WL 11632209, at *3 (E.D. Tex. May 16, 2017); Stanley v. Bayer, No. 05-CV-0541, 2005 WL 1846962, at *1 (W.D. La. July 28, 2005) ("[T]he Court

---

[1] Johnson's opposition, however, proceeds to address Eaglin v. Eunice Police Dep't, 2017-1875 (La. 6/27/18), 319 So. 3d 225 (holding that under Louisiana law, prescription begins to run from the date of arrest, not the date an arrestee was released from custody). Although Johnson concedes that he did not state a claim for false arrest because any such claim would be "problematic," Johnson states that here, the Court would have to determine whether the doctrine of *contra non valentem agere nulla currit praescriptio* applies to decide prescription. See Record Document 9 at 6, 8. Because the claim is not before the Court, the Court need not consider whether this exception to prescription applies. However, the Court notes that Johnson "has not asserted that he was prevented from filing suit due to his incarceration." See Eaglin, 319 So. 3d at 229.

4

will not dismiss a cause of action that has not been alleged."). The Court finds that Johnson's Complaint has not stated a claim for false arrest. Accordingly, Defendants' motion is **DENIED** to the extent it seeks dismissal of any state or federal law claim of false arrest.

### B. Malicious Prosecution

In his opposition to Defendants' motion, Johnson asserts that his Complaint instead states a claim for malicious prosecution under state and federal law. See Record Document 9 at 4. Johnson argues that he is permitted to bring this claim in a Section 1983 action given the United States Supreme Court holding in Thompson v. Clark, 596 U.S. 36 (2022).

Johnson is correct that in the wake of Thompson, federal courts now recognize Section 1983 malicious prosecution claims. See Santander v. Salazar, No. 24-10275, 2025 WL 1009335, at *7 (5th Cir. Apr. 4, 2025). After Thompson, the Fifth Circuit reinstated its rules as to what elements a plaintiff must show to state a claim of malicious prosecution. In addition to satisfying the threshold inquiry, which is whether there was an unlawful Fourth Amendment seizure, "plaintiffs in the Fifth Circuit ha[ve] to prove six elements to prevail on a constitutionalized malicious prosecution claim." See Armstrong v. Ashley, 60 F.4th 262, 279 (5th Cir. 2023). Those six elements are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Id.

The Court finds that at the Rule 12(b)(6) stage, Johnson has alleged enough facts to plausibly allege a claim of malicious prosecution. Defendants declined to reply to Johnson's opposition and thus have provided no reason why Johnson's malicious prosecution claims should be dismissed. Accordingly, Defendants' Motion to Dismiss is **DENIED** as to Johnson's claims for malicious prosecution.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Record Document 6) is **DENIED**. Johnson's state and federal law claims for malicious prosecution remain.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of April, 2025.

*[Signature]*
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT